LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-06670 (BRO) (JPRx) | Date | January 8, 2015 |
|---|---|---|---|
| Title | JULIA GERARD V. WELLS FARGO BANK NATIONAL ASSOCIATION ET AL. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER DISMISSING CASE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B)**

## I.   INTRODUCTION

Plaintiff Julia Gerard ("Plaintiff") initiated this lawsuit on July 22, 2014 in the Superior Court of California, County of Los Angeles.  (*See* Compl.)  Defendant Wells Fargo Bank National Association ("Wells Fargo N.A.") removed the matter to this Court on August 25, 2014.  (Dkt. No. 1.)  After removal, on September 2, 2014, Wells Fargo N.A. and Defendant Wells Fargo Bank, Ltd. ("Wells Fargo Ltd.") (collectively, "Wells Fargo Defendants") moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Dkt. No. 9.)  Plaintiff failed to oppose the motion.  On September 23, 2014, the Court issued an Order to Show Cause why Wells Fargo Defendants' motion to dismiss should not be granted.  (Dkt. No. 11.)  Plaintiff failed to respond to the Court's order or to oppose the motion.  Accordingly, the Court granted Wells Fargo Defendants' motion to dismiss without prejudice on October 2, 2014.  (Dkt. No. 12.)  Plaintiff failed to file an amended complaint.

On November 7, 2014, Wells Fargo Defendants moved to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Dkt. No. 13.)  Wells Fargo Defendants sought dismissal based on Plaintiff's failure to file an amended complaint after the Court's October 2, 2014 dismissal order.  Plaintiff failed to timely oppose the motion.  Accordingly, the Court issued another order to show cause why the motion should not be granted.  (Dkt. No. 14.)  Plaintiff responded to the order on December 1, 2014 and requested an extension of time to file an amended complaint.  (Dkt. No. 15.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-06670 (BRO) (JPRx) | Date | January 8, 2015 |
|---|---|---|---|
| Title | JULIA GERARD V. WELLS FARGO BANK NATIONAL ASSOCIATION ET AL. | | |

Plaintiff's response indicated that she "intend[ed] to file [her] new complaint against Wells Fargo Defendants no later than Thursday December 8th, 2014 at 11:00 a.m." (*Id.* ¶ 4.)

On December 2, 2014, the Court granted Plaintiff's request for leave to amend and vacated Wells Fargo Defendants' Rule 41(b) motion as moot. (Dkt. No. 16.) The Court's order specifically directed Plaintiff to file an amended complaint by no later than December 15, 2014. (*Id.* at 4.) As of this date, Plaintiff has not filed an amended complaint.

## II. LEGAL STANDARD

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). This authority derives from the district court's inherent power to control its docket. *Id.* (citing *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)). In considering whether to dismiss a case pursuant to Rule 41(b) for failure to comply with a court order, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Thompson*, 782 F.2d at 831. A district court's decision to dismiss a case is reviewed for abuse of discretion, and the court need not make explicit findings to show it has considered these factors. *Ferdik*, 963 F.2d at 1260–61.

## III. DISCUSSION

After considering the five *Thompson* factors, the Court concludes that dismissal under Rule 41(b) is appropriate at this time. The first two factors—the public's interest in expeditious resolution and the Court's need to manage its docket—strongly favor dismissal. Since Plaintiff initiated this action in July 2014, Plaintiff has failed to respond to Wells Fargo Defendants' motions and this Court's orders on numerous occasions. Indeed, the Court granted Wells Fargo Defendants' first motion to dismiss pursuant to Rule 12(b)(6) because of Plaintiff's failure to oppose and failure to respond to the Court's order to show cause. (*See* Dkt. Nos. 11, 12.) Although Plaintiff responded to a later

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-06670 (BRO) (JPRx) | Date | January 8, 2015 |
|---|---|---|---|
| Title | JULIA GERARD V. WELLS FARGO BANK NATIONAL ASSOCIATION ET AL. | | |

order to show cause concerning Wells Fargo Defendants' subsequent motion to dismiss pursuant to Rule 41(b) (*see* Dkt. No. 15), Plaintiff has yet to file an amended complaint. This failure is all the more troubling given Plaintiff's representation that she planned to file an amended complaint by December 8, 2014, as well as the Court's clear directive to do so by no later than December 15, 2014. (*See* Dkt. Nos. 15, 16.) In light of Plaintiff's dilatory conduct throughout the proceedings, the Court concludes that the first two *Thompson* factors favor dismissal. *See Ferdik*, 963 F.2d at 1261 ("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants.")

The third factor—prejudice to the defendants—also strongly favors dismissal. "[T]he risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). In this case, the Court's order granting Plaintiff leave to amend clearly specified that Plaintiff's amended complaint was to be filed by no later than December 15, 2014. (Dkt. No. 16.) The Court chose this date based upon Plaintiff's representation that she planned to file an amended complaint by December 8, 2014. (Dkt. No. 15.) It is now three weeks past the Court's deadline, and Plaintiff has yet to file an amended complaint or request a further extension of time. Plaintiff's failure to apprise the Court of the reasons why she could not meet the December 15, 2014 filing deadline suggests Plaintiff may have failed to comply with the Court's directive in an effort to further delay the litigation. Delay tactics are no reason for default. Accordingly, the prejudice to Wells Fargo Defendants from Plaintiff's delay favors dismissal. *See Yourish*, 191 F.3d at 991–92 (finding the prejudice factor strongly favored dismissal where the plaintiffs had only a "paltry excuse" for failing to abide by the district court's order).

The fourth and fifth factors weigh against dismissal. Public policy favors disposition on the merits and counsels against dismissing this case for Plaintiff's failure to file an amended complaint before the Court's December 15, 2014 deadline. The Court also recognizes that it could resort to less drastic sanctions. For example, the Court could issue *another* order to show cause as to why the case should not be dismissed. But after considering Plaintiff's conduct throughout the proceedings, the Court concludes that this lesser sanction is neither appropriate nor necessary. Plaintiff has been (or should have been) on notice that her failure to file an amended complaint could result in dismissal

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-06670 (BRO) (JPRx) | Date | January 8, 2015 |
|---|---|---|---|
| Title | JULIA GERARD V. WELLS FARGO BANK NATIONAL ASSOCIATION ET AL. | | |

since Wells Fargo Defendants filed the Rule 41(b) motion to dismiss on November 7, 2014. Accordingly, the Court concludes that dismissal is the more appropriate remedy.

Because three of the five *Thompson* factors favor dismissal, the Court **DISMISSES** this case with prejudice. *See Yourish*, 191 F.3d at 992 (upholding the district court's dismissal of a case where three factors strongly favored dismissal).

## IV.  CONCLUSION

For the foregoing reasons, this case is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |